IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHRIS MOSELEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. NO. 1:21-cv-580 |
| v. | § | |
| | § | |
| | § | |
| TEXAS MATERIALS GROUP, INC | § | |
| | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff, CHRIS MOSELEY, files this Complaint and Jury Demand against Defendant TEXAS MATERIALS GROUP, INC, alleging willful violation of the the Texas Commission on Human Rights Act and the Family and Medical Leave Act. For causes of action, Plaintiff would show the Court as follows:

### I.
### PARTIES, JURISDICTION, VENUE, AND ADMINISTRATIVE EXHAUSTION

1. Plaintiff, CHRIS MOSELEY, is a resident of Travis County, Texas.

2. Defendant TEXAS MATERIALS GROUP, INC is an entity which can be served with Citation through its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas, 78701-4234.

3. At all times relevant to this case, Defendant TEXAS MATERIALS GROUP, INC acted as Plaintiff's employer.

4. This Court has jurisdiction to hear the merits of Mr. Moseley's claims under 28 U.S.C. §1331. The Court has supplemental jurisdiction over Mr. Moseley's claims arising under Texas statutory law under 28 U.S.C. §1367.

5. Venue is proper in this district and division under 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred within this district and division.

6. Plaintiff exhausted his administrative remedies in this case by filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission and the Texas Workforce Civil Rights Division on September 24, 2019, within 180 days of his termination on August 23, 2019. No notice of right to sue from the Texas Workforce Commission is needed for Plaintiff's claims under the TCHRA. The FMLA does not require the exhaustion of any administrative remedies.

## II.
## FACTUAL BACKGROUND

7. Mr. Moseley was hired by the Defendant in 2016 as a Driver. He suffers from Severe Gastritis, which is frequently disabling. When he has an episode, he is unable to work, to care for himself and his children, and to eat. Episodes can last from a few minutes to hours at a time.

8. Because of his condition, Mr. Moseley is sometimes unable to work. In or around June 2019, he requested intermittent FMLA leave to cover absences that were caused by his condition. His direct supervisor, Jacoby Neal, informed him that he could file for intermittent FMLA leave to protect his job. Mr. Neal also told him that Defendant's HR representative, who

knew about his condition, did not think he was actually sick, but Mr. Neal told him that he knew that Mr. Moseley was actually sick.

9. Mr. Moseley's intermittent FMLA leave was approved shortly after he applied for it. He completed the application on or around July 3, 2019, and it was approved within two weeks.

10. In July and August 2019, Mr. Moseley missed some work because of his condition. He always notified Defendant, through Unum, that he was having to miss work because of his medical situation.

11. On August 23, 2019, Defendant terminated Mr. Moseley's employment. He was told that it was because of attendance. However, his absences were because of his medical condition, and he had reported them as such.

12. After he was fired, Mr. Moseley spoke with Mr. Neal's supervisor, Shawn Fetterly, and told him that he thought that his job was protected because of his FMLA certification. Mr. Fetterly told him that he would have to talk to HR about that. Mr. Moseley called HR and left a message, but did not receive any response.

## III.
## CAUSE OF ACTION

### COUNT ONE

**<u>Discrimination on the Basis of Disability
in violation of the TCHRA</u>**

13. Defendant violated the Texas Commission on Human Rights Act by refusing Plaintiff reasonable accommodations and by discharging Plaintiff. Texas Labor Code §21.001 et seq.

14. Under the Texas Labor Code, §21.001 et seq., it is unlawful for an employer to discriminate against any individual with respect to his employment because of that individual's disability or because the employer regards the individual as a person with a disability.

15. Defendant is an employer under the TCHRA.

16. Plaintiff was qualified for and could perform the essential functions of his job at the time of his termination. Plaintiff is a qualified individual with a disability, is a qualified individual with a record of a disability, and was regarded by the Defendant as a person with a disability.

17. Plaintiff requested reasonable accommodations in the form of a modified work schedule to accommodate flare ups of his medical condition.

18. Plaintiff was meeting his employer's expectations. Defendant terminated Plaintiff's employment as a direct result of his disability, his record of having a disability, and/or because Defendant regarded Plaintiff as a person with a disability.

19. Defendant violated the TCHRA by intentionally discriminating against Plaintiff because of his disability by refusing Plaintiff reasonable accommodations and by terminating Plaintiff's employment. Plaintiff's disability and/or being regarded as disabled was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment. Plaintiff's disability and/or Defendant's perception of Plaintiff as a person with a disability moved Defendant toward their decisions or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

## COUNT TWO
### Family and Medical Leave Act

20. The Family and Medical Leave Act contains two distinct provisions: (1) an entitlement and non-interference clause and (2) an anti-discrimination clause. See 29 U.S.C. §§ 2612; 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b). Defendant is in willful violation of the FMLA. Defendant violated 29 U.S.C. §2612, §2614 and 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b). Prior to the requested start of his FMLA leave, Plaintiff had been employed by Defendant for at least 12 months and had worked at least 1,250 hours during the 12 months prior to the start of his requested FMLA leave. The employer is one who employs 50 or more employees within a 75-mile radius of the worksite.

21. Plaintiff availed himself of a protected right under the FMLA and was subsequently terminated. There is a causal connection between the Plaintiff's protected activity and Defendant's decision to terminate Plaintiff. Plaintiff's taking of FMLA was a motivating factor in the decision to terminate, and as such was a cause of Plaintiff's damages, as set forth below.

22. In addition, an employer may not interfere with an employee's rights under the FMLA. *See* 29 U.S.C. §2615(a)(1). Defendant interfered with Plaintiff's rights to take Family and Medical Leave by terminating Plaintiff's employment after being notified of Plaintiff's need for FMLA leave.

## IV.
## DAMAGES

23. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and

front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## V.
## COMPENSATORY DAMAGES

24. Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of his disability, his record of having a disability, and/or because Defendant regarded Plaintiff as being disabled. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.
## PUNITIVE DAMAGES

25. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.
## LIQUIDATED DAMAGES

5. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff further seeks liquidated damages in an amount equal to wages, salary, employment benefits, or other compensation lost by Plaintiff and described in §IV, supra.

## VIII.
## ATTORNEYS' FEES AND EXPERT FEES

26. A prevailing party may recover reasonable attorneys' and experts' fees under the Americans with Disabilities Act, the Texas Commission on Human Rights Act, and the Family and Medical Leave Act. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## IX.
## JURY DEMAND

27. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile

/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF